IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| ELLA MEDLEY, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>SOUTHERN HEALTH PARTNERS, INC.<br><br>      Defendant. | No. _____<br><br>JURY DEMANDED<br>FLSA COLLECTIVE ACTION |

## COMPLAINT

PLAINTIFF, Ella Medley, individually on behalf of herself and all others similarly situated, brings this action against the Defendant and alleges as follows.

### I. JURISDICTION AND VENUE

1. This case arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*.

2. The Court has subject matter jurisdiction pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The Court has personal jurisdiction over the Plaintiff, a resident of Lawrence County, Tennessee, and the Defendant, who does business in Wayne County, Tennessee.

3. Venue also lies in this district, pursuant to 28 U.S.C. § 1391, because the Defendant does business in this district, and a substantial part of the alleged events or omissions giving rise to this action occurred in this district.

## II. PARTIES

4. Plaintiff Ella Medley is an adult who resides in Lawrenceburg, Tennessee. Plaintiff is an employee of Defendant, Southern Health Partners, Inc.

5. Plaintiff has been employed by Defendant within the two and three year statutes of limitation under the Fair Labor Standards Act.

6. Throughout her employment with Defendant, Plaintiff has been a covered employee under the FLSA.

7. Defendant is a covered "employer" under the FLSA, 29 U.S.C. § 203(d).

8. Defendant is a corporate entity doing business in Wayne County, Tennessee.

9. In addition to the named Plaintiff, Defendant employs and has employed other similarly situated employees.

10. Upon information and belief, at all times, the wage and hour and all related employee compensation policies of Defendant are and were centrally and collectively dictated, controlled, and ratified.

## III. FACTUAL BASIS FOR SUIT

11. This is a collective action under the FLSA, 29 U.S.C. § 201 et seq. brought on behalf of all persons who, at any time during the past three years and up until the date of entry of judgment are or were employed by Defendant and who were paid under Defendant's version of the "fluctuating workweek" method of paying FLSA mandated overtime.

12. This is also a collective action under the FLSA, 29 U.S.C. § 201 et seq. brought on behalf of all persons who, at any time during the past three years and up until the date of entry of judgment are or were employed by Defendant and who claim to have worked "off the clock" without proper compensation.

13. The collective action claims are for unpaid overtime compensation, liquidated damages, interest, and attorneys' fees and costs pursuant to the FLSA, 29 U.S.C. §§ 207, 216(b).

14. Plaintiff brings this action on behalf of herself and other similarly situated employees as authorized under 29 U.S.C. § 216(b). Plaintiff's consent to be a party to this collective action pursuant to 29 U.S.C. §216(b) is attached to the Complaint.

15. During Plaintiff's employment, she performed work in excess of forty (40) hours per week on a regular and repeated basis.

16. Upon information and belief, Defendant claims to compensate Plaintiff under a pay structure commonly known as the "fluctuating workweek."

17. Generally, under the Fair Labor Standards Act, "overtime must be compensated at a rate not less than one and one-half times the regular rate at which the employee is actually employed" during the first forty (40) hours of work. 29 C.F.R. § 778.107.

18. Alternatively, the Fair Labor Standards Act permits an employer to compensate its employees a fixed salary for "hours of work which fluctuate from week to week." 29 C.F.R. § 778.114. This is commonly known as the "fluctuating workweek."

19. When an employee is compensated based on the fluctuating workweek, "[p]ayment for overtime hours at one-half such rate in addition to the salary satisfies the overtime pay requirement." 29 C.F.R. § 778.114.

20. "The 'fluctuating workweek' method of overtime payment may not be used unless . . . the employer pays the salary even though the workweek is one in which a full schedule of hours is not worked." 29 C.F.R. § 778.114(c).

21. However, Defendant did not compensate Plaintiff and similarly situated employees a

3

fixed salary regardless of the number of hours worked.

22. Likewise, there was no clear and mutual understanding between Defendant and its employees that employees were paid a fixed salary for all hours worked regardless of their number.

23. Rather, Defendant promulgated various leave policies, including but not limited to limited paid time off, reimbursement of paid time off, reduction of pay in the amount of jury duty fees, extra holiday pay, and unpaid bereavement leave, which prevent Defendant from claiming that it paid employees a fixed salary. Likewise, these policies foreclose the possibility of the "clear and mutual understanding" necessary for Defendant to satisfy the requirements necessary to implement the fluctuating workweek method of overtime compensation.

24. Because of Defendant's improper use of the fluctuating workweek, it cannot take advantage of the "one-half" rate of overtime payment which is detailed in 29 C.F.R. § 788.114.

25. As a result, when Plaintiff and similarly situated employees worked more than forty (40) hours during a week, Defendant violated the FLSA when it did not fully compensate them at a rate of "one and one-half times the regular rate at which the employee is actually employed" for the first forty (40) hours of work. *See* 29 C.F.R. § 778.107.

26. In addition, Defendant regularly and repeatedly fails to accurately record Plaintiff's hours in an effort to reduce its overtime obligations under the FLSA.

27. Upon information and belief, Defendant conducts these same illegal pay practices with respect to its other similarly situated employees.

28. These practices violate the provisions of the FLSA, 29 U.S.C. § 201 *et seq.*, specifically § 207(a)(1). As a result, Plaintiff and similarly situated employees have suffered lost wages.

29. Some evidence generally reflecting the number of uncompensated hours worked by each class member and the compensation rates for the relevant work periods is in the possession of Defendant. While Plaintiff is unable to state at this time the exact amount owing to the class, Plaintiff proposes to obtain such information by appropriate and focused discovery proceedings to be taken promptly in this action, and request that damages or restitution be awarded according to proof thus obtained and presented to the Court.

30. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiffs and similarly situated employees, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*

31. Defendant's intentional failure to pay Plaintiffs and other similarly situated employees all of their wages are willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a), as Defendant knew, or showed reckless disregard for the fact that its compensation practices were in violation of these laws.

32. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees of Defendant are similarly situated to Plaintiff with regard to

their wages and damages, in that they have been denied proper and overtime compensation. Plaintiff is representative of those other current and former employees and is acting on behalf of their interests as well as Plaintiff's own interests in bringing this action. These similarly situated employees are known to Defendants and are readily identifiable, and may be located through Defendants' records. These similarly situated employees may readily notified of this action and allowed to "opt in" pursuant to 29 U.S.C. § 216(b), for purposes of collectively adjudicating their claims for unpaid straight time, overtime compensation, liquidated damages, interest, attorneys' fees, and costs under the FLSA.

## IV. CAUSES OF ACTION

33. The forgoing facts are incorporated by reference as if fully stated herein.

34. Plaintiff brings the following claims against Defendant Southern Health Partners, Inc.:

    a. Improper use of the fluctuating workweek, resulting in failure to pay overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.,* and

    b. Willful failure to pay Plaintiff for work performed "off the clock," resulting in violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

## V. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF prays for the following relief:

A. An Order designating this action as an opt in collective action for claims under the FLSA and directing the issuance of notice pursuant to 29 U.S.C. §216(b) for the claims of the class;

B. An Order appointing Plaintiff and Plaintiff's counsel to represent those individuals opting into the collective action;

C. A declaratory judgment that Defendant has willfully violated the FLSA;

D. An award to Plaintiff and others similarly situated who opt into this action of damages in the amount of all applicable damages;

E. An award to Plaintiff and others similarly situated who opt into this action of interest and liquidated damages in an amount equal to the compensation shown to be owed to them pursuant to 29 U.S.C. § 216(b);

F. An award to Plaintiff and others similarly situated who opt into this action of reasonable attorneys' fees and costs, pursuant to 29 U.S.C. § 216(b); and

G. An award of such other and further legal and equitable relief as may be appropriate.

Respectfully submitted,

GILBERT RUSSELL McWHERTER
SCOTT & BOBBITT PLC

s/ Michael L. Russell
MICHAEL L. RUSSELL (TN 020268)
EMILY S. EMMONS (TN 033281)
341 Cool Springs Boulevard, Suite 230
Franklin, Tennessee 37067
Telephone: 615-354-1144
mrussell@gilbertfirm.com
eemmons@gilbertfirm.com

BOSTON, HOLT, SOCKWELL &
DURHAM, PLLC

s/ Ryan P. Durham
BEN BOSTON (BPR # 11800)
RYAN P. DURHAM (BPR # 22073)
CAMERON HOFFMEYER (BPR # 32173)
Post Office Box 357
235 Waterloo Street
Lawrenceburg, Tennessee 38464
(931) 762-7167

*ATTORNEYS FOR PLAINTIFF AND SIMILARLY SITUATED EMPLOYEES*